# SUPPLEMENT TO THE SARATOGA SENTINEL.

PUBLISHED BY WILBUR & PALMER, AT $1.00 PER ANNUM.

Vol. III.]                    AUGUST 15, 1843,                    [No. 7.

## COURT OF CHANCERY.

### DECISIONS OF THE CHANCELLOR,
AUGUST 15, 1843,

*The Farmers Loan and Trust Co.* v. *Simeon B. Jewett* Answer of husband and wife. *and wife.* (4 suits.) T. FESSENDEN, for complainants; J. RHOADES, for defendants.

THE CHANCELLOR. The answers in all these cases are irregular; and the proper course for the complainant in such cases is to apply to the court to have the answer taken off the files. (2 *Dan. Ch. Prac.* 343.) The answer must be signed by the defendants, although an answer on oath is waived; unless a special order of the court has been obtained for leave to put in the answer without such signature. (*Denison* v. *Bassford*, 7 *Paige's Rep.* 370.) The joint answer of a husband and wife must be sworn to by both, or it will not be regular as to either. (*The New-York Chemical Company* v. *Flowers and wife*, 6 *Idem*, 654.) An answer put in by the husband in the name of himself and wife, which she has not signed, will not be binding upon her.

In the last case the husband has put in a separate answer for himself alone, which he had no authority to do without a previous order of the court. (*Bilton* v. *Bennet*, 4 *Sim. Rep.* 17; *Leavitt* v. *Cruger*, 1 *Paige's Rep.* 421.) The motion to take the answers off the files of the court must therefore be granted. And as there is no pretence of a legal defence in either of the three first cases, if the complainants stipulate to endorse upon the bonds and mortgages the amounts sworn to have been paid, and only to ask decrees for what is

actually due, the bills in those cases must be taken as confessed for want of proper answers.

In the fourth case, as the mortgage has not been given five years, there may, perhaps, be a valid defence to the bill of foreclosure at the present time, if the defendant applied and offered to pay the interest at or before the time when it became due and payable. But that fact is not stated in the answer or in any of the papers, with sufficient certainty to enable me to say the interest was punctually paid when it became due, or offered to be paid at that time. The bill in that case must, therefore, be taken as confessed also, unles Jewett and his wife shall, within twenty days, put in their answer, verified by oath, and showing that the interest money which became due and payable on the first of November, 1842, was paid or offered to be paid to the proper officer of the complainants, at, or before, or immediately after, the time when it became due and payable.